IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIDGEBUILDER TAX + LEGAL )
SERVICES, P.A., )
 )
               Plaintiff, )
 )
    v. ) Case No. 16-2236-JWL
 )
TORUS SPECIALTY INSURANCE )
COMPANY, n/k/a STARSTONE )
SPECIALTY INSURANCE COMPANY, )
 )
               Defendant. )
 )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' cross-motions for summary judgment (Doc. ## 42, 58). For the reasons set forth below, the Court **denies** both motions.

### I. Background

The following facts are undisputed for purposes of these motions. Plaintiff Bridgebuilder Tax + Legal Services, P.A. ("Bridgebuilder"), located in Kansas, is a professional services firm comprised of attorneys and certified public accountants. Bridgebuilder is owned by Kevan Acord, a licensed and practicing attorney. Defendant insurer StarStone Specialty Insurance Company ("StarStone") issued a professional

liability insurance policy to Bridgebuilder.

In August 2015, during the policy period, Bridgebuilder and Mr. Acord were sued in Kansas state court by their client, John Grissinger (individually and as trustee of a trust). Mr. Grissinger alleged that Bridgebuilder and Acord were negligent in advising him with respect to transactions in 2012 in which he loaned $6,000,000 to Northrock, LLC ("Northrock"). Bridgebuilder gave timely notice of the suit to StarStone, but StarStone denied coverage under the policy. Bridgebuilder defended the suit by Grissinger, which the parties settled after mediation in October 2015. In the settlement, Bridgebuilder paid in excess of the policy limit of $1,000,000.

In the present action, which was removed from state court, Bridgebuilder seeks to recover from StarStone the amount it paid in the settlement of the *Grissinger* suit and the amount of the attorney fees it incurred in defending that suit. The case is presently set for a bench trial in April 2018.


**II.     Summary Judgment Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury

to resolve the issue either way." *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *See id*.

### III. Application of Exclusion Q

StarStone seeks summary judgment based on its argument that the *Grissinger* claim against Bridgebuilder was excluded from coverage by the subject policy's Exclusion Q. At the same time, Bridgebuilder seeks partial summary judgment to the effect that Exclusion Q does not preclude coverage here as a matter of law. Exclusion Q provides that the policy does not apply to any claim against the insured

> based upon, arising out of, directly or indirectly resulting from, or in any way involving any actual or alleged investment advice, promotion, sale, solicitation, or recommendation of any securities, real estate or other investments by any **insured**.

(Emphasis in original.) Under Kansas law, the insurer bears the burden of establishing that a policy exclusion applies, and exclusions are narrowly construed. *See Fidelity & Dep. Co. of Md. v. Hartford Cas. Ins. Co.*, 189 F. Supp. 2d 1212, 1224 (D. Kan. 2002) (Lungstrum, J.) (citing Kansas cases).[1]

The Court concludes that a question of fact remains for trial, as a reasonable

---

[1] The parties agree that Kansas law governs these claims by a Kansas insured. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (in diversity action, court applies the forum state's choice-of-law rules); *Safeco Ins. Co. of Am. v. Allen*, 262 Kan. 811, 822 (1997) ("Kansas follows the general rule that the law of the state where the insurance contract is made controls.").

factfinder could decide the applicability of Exclusion Q for either party. Bridgebuilder argues that Mr. Acord provided only legal advice to Mr. Grissinger concerning the Northrock transactions, not investment advice, for instance regarding the legality of the transactions and the risk involved in light of guarantees that Mr. Grissinger received. StarStone, however, has provided evidence to the contrary, including the following: Bridgebuilder's bills to Mr. Grissinger over time indicate that Mr. Acord routinely gave him investment advice; Mr. Acord was an investor in Northrock, and he brought the investment to Mr. Grissinger's attention; Mr. Acord told Mr. Grissinger that he would receive a 20 percent return on his investment in Northrock, that his investment was guaranteed and he would not lose money, and that the investment was a "no-brainer". Such facts, which must be considered true for purposes of Bridgebuilder's motion, would allow a reasonable factfinder to conclude that Mr. Acord gave investment advice to Mr. Grissinger or promoted or solicited the investment by Mr. Grissinger, within the plain and express terms of Exclusion Q. Accordingly, the Court denies Bridgebuilder's motion for partial summary judgment concerning the applicability of Exclusion Q.

At the same time, Mr. Acord insists that he provided only legal advice and not investment advice to Mr. Grissinger, that he did not make the statements attributed to him by Mr. Grissinger, and that he did not recommend or promote or solicit the Northrock investment.[2] Such evidence, taken in the light most favorable to

---

[2]The Court disagrees with StarStone that Mr. Acord's affidavit should be entirely
(continued...)

Bridgebuilder for purposes of StarStone's motion, creates a question of fact for trial. The Court also rejects StarStone's argument that Exclusion Q applies as a matter of law because Mr. Grissinger's state-court petition alleges that Mr. Acord "convinced" him to make the investments. The Court agrees with Bridgebuilder that it is possible for one to be convinced to act by a person even without the person having solicited or recommended or intended the action.[3] Accordingly, the Court also denies StarStone's motion for summary judgment based on the applicability of Exclusion Q.

### IV.    **Bad Faith Breach of Duty to Settle**

StarStone also seeks summary judgment on Bridgebuilder's claim for bad faith refusal to settle, by which Bridgebuilder seeks to recover the entire amount that it paid to settle the *Grissinger* suit, including the amount in excess of the policy limit. StarStone argues that it cannot be liable on that claim because it was not informed of the mediation or any settlement offers by Mr. Grissinger, and thus it had no opportunity to settle the claim against Bridgebuilder within the policy limit. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 667-70 (10th Cir. 2007) (discussing the cause of action under Kansas law,

---

[2](...continued)
disregarded as self-serving and conclusory. In addition, Bridgebuilder also cited deposition testimony by Mr. Acord.

[3]In the cases cited by StarStone, the courts did not hold otherwise concerning the possible meaning of the word "convince"; those cases turned on their particular facts and thus do not compel judgment as a matter of law in this case.

in the context of the insurer's failure to accept a settlement offer within the policy limit). In the present case, however, StarStone, the insurer, chose not to defend the claim against its insured, and thus the fact that it was not involved in settlement negotiations is not dispositive. Indeed, the Tenth Circuit, applying Kansas law, has effectively rejected StarStone's argument. In *Coleman v. Holecek*, 542 F.2d 532 (10th Cir. 1976), the court affirmed the district court's judgment against the insurer for the full amount of the judgment incurred by the insured, despite the insurer's withdrawal from the case. *See id.* at 537. The court stated that Kansas law concerning bad faith refusal to accept a settlement offer applies also "where the insurance carrier fails to initiate settlement negotiations in the absence of an offer from the [claimant against the insured]," and that "the duty to settle does not hinge on the existence of a settlement offer from the [claimant]." *See id.* Subsequently, in *Roberts v. Printup*, 422 F.3d 1211 (10th Cir. 2005), the Tenth Circuit, citing *Coleman*, rejected the insurer's argument that it was not liable for any excess judgment (over the policy limit) because it never refused to pay or accept a particular settlement demand within the limit. *See id.* at 1219. The court stated: "Since an insurer can be liable for its handling of a claim against an insured even without an offer to settle having been made, it is illogical to conclude that it cannot be liable simply because it never refused to pay a settlement demand." *See id.* (citation omitted) (citing *Coleman*, 542 F.2d at 536-38).

In this case, assuming that StarStone had a duty to defend Bridgebuilder against the *Grissinger* suit (that is, if StarStone fails to prove the applicability of Exclusion Q),

StarStone as insurer was obliged under Kansas law to consider its insured's interests with its own and to initiate settlement discussions with Mr. Grissinger if reasonable to do so. *See id.* at 1215-16 (under Kansas law, insurer must give equal consideration to the interests of the insured, and insurer is obligated to initiate settlement negotiations with the injured party). If Bridgebuilder is able to prove that StarStone, acting reasonably and in good faith, would have been able to settle the *Grissinger* suit within the policy limit, it will be entitled to recover the entire amount that it paid in that settlement, including the amount in excess of the policy limit.[4] Accordingly, the Court denies StarStone's motion for summary judgment on Bridgebuilder's claim for the excess amount.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for partial summary judgment (Doc. # 42) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for summary judgment (Doc. # 58) is hereby **denied**.

---

[4]StarStone states in its reply brief that Mr. Grissinger would not have accepted a settlement within the policy limit. StarStone provides no basis for that assertion, however, and at any rate, the Court would not entertain such an argument based on a lack of causation that was first raised in the reply brief. *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2006 WL 1007099, at *3 n.5 (D. Kan. Apr. 14, 2006) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

7

IT IS SO ORDERED.

Dated this 12th day of December, 2017, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge